**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Respondent, | ) |
| | ) |
| v. | ) |
| | ) |
| LATYSHA TEMPLE, | ) |
| | ) |
| Defendant/Petitioner. | ) |
| | ) |

Case No. 07-20168-JWL
11-2471-JWL

---

**MEMORANDUM AND ORDER**

Latysha Temple was convicted following a jury trial of conspiracy to manufacture, possess with intent to distribute, and distribute 50 grams or more of cocaine base ("crack") and possess with intent to distribute and distribute 5 kilograms or more of cocaine. She received a 151-month sentence. Ms. Temple filed a direct appeal on October 5, 2009, challenging her conviction and sentence on five grounds (doc. 1050). The Tenth Circuit affirmed on all grounds (doc. 1341).

Ms. Temple's case is once again before this court on a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (doc. 1372). For the reasons set forth below, this motion is denied.

**1.    Standard**

Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by

law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255.  The court must hold an evidentiary hearing on a section 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'"  *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (quoting § 2255).  A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also United States v. Sanchez*, No. 96-7039, 1997 WL 8842, at *3 (10th Cir. Jan. 10, 1997) ("[D]efendant's conclusory allegations . . . which contradict the record made at the plea hearing, were insufficient to require an evidentiary hearing.").

**2.     Ineffective Assistance of Counsel**

To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, a petitioner must establish that his attorney's performance was deficient as compared to an objective standard of reasonable performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).  "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of

reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).  As the one raising the challenge, the petitioner "bears the burden of establishing that his trial counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Sallahdin v. Mullin*, 380 F.3d 1242, 1247-48 (10th Cir. 2004) (quoting *Strickland*, 466 U.S. at 687).

The petitioner must also prove that counsel's deficient performance prejudiced his defense, "depriving him of a fair trial with a reliable result." *United States v. Orange*, 447 F.3d 792, 796 (10th Cir. 2006) (citing *Strickland*, 466 U.S. at 687).  Thus, to satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.

Because the petitioner "must demonstrate both *Strickland* prongs to establish his claim, a failure to prove either one is dispositive." *Orange*, 447 F.3d at 796-97 (citing *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000)).  "The performance component need not be addressed first." *Smith*, 528 U.S. at 286 n.14.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Strickland*, 466 U.S. at 697; *see also Romano v. Gibson*, 239 F.3d 1156, 1181 (10th Cir. 2001) ("This court can affirm the denial of habeas relief on whichever *Strickland* prong is the easier to resolve.").

Ms. Temple contends that her attorney was ineffective on three grounds: (1) failure to request a bill of particulars to show that Ms. Temple played no role in the conspiracy; (2) failure to challenge evidence obtained through an unauthorized wiretap application where the government failed to meet the necessity requirement; and (3) failure to object to firearm and obstruction sentencing enhancements, which were not proven by a preponderance of evidence.

*A.     Ground 1 - Bill of Particulars*

Ms. Temple maintains that her attorney was ineffective for failing to request a bill of particulars, "which would have outlined the 'alleged' conspiracy, therefore concluding that Ms. Temple played no role in it" (doc. 1372, at 4).  She does not, however, provide support for this contention.  Contrary to the premise underlying her contention, moreover, a bill of particulars is not a vehicle to compel the government to outline its case or spell out its theories for a defendant.  *See United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983).  Its purpose is much narrower, and counsel must assess whether or not a request for a bill of particulars would be advisable under the circumstances.

In evaluating the effectiveness of counsel, "we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir.

4

2002) (quoting *Strickland*, 466 U.S. at 690).

Here,  Count 1 of the indictment charged Ms. Temple and several co-defendants with conspiracy to manufacture, possess with intent to distribute, and distribute 50 grams or more of "crack" and possess with intent to distribute and distribute 5 kilograms or more of cocaine (doc. 50, at 2-3).  The indictment tracked the language of the criminal statutes that Ms. Temple allegedly violated, identified the date of the alleged offenses, identified the drugs and amounts at issue, and identified the other members of the alleged conspiracy (*id.*).  The evidence  presented by the Government at trial was consistent with the allegations in the indictment.  As such, the indictment was sufficient to inform Ms. Temple of the charges against her, minimize surprise at trial, and enable her to plead double jeopardy if she was later prosecuted for the same offenses, thus obviating the need for a bill of particulars.  *See United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (discussing the purpose of a bill of particulars and noting that a bill of particulars is not intended to be a discovery device).  Therefore, it was not unreasonable for Ms. Temple's attorney not to request a bill of particulars.

Thus, Ms. Temple cannot show that her attorney's performance was deficient as compared to an objective standard of reasonable performance.  *See Strickland*, 466 U.S. at 687-88, 694.

B.      *Ground 2 - Challenge to Wiretap Evidence*

Ms. Temple maintains that her attorney was ineffective for failing to challenge

evidence obtained through an unauthorized wiretap application where the government failed to meet the necessity requirement.   The record, however, contradicts Ms. Temple's assertion.  Before trial, Ms. Temple's attorney joined two motions to suppress electronic surveillance filed by her co-defendants (doc. 549).  One of those motions specifically asserted that the government failed to meet the necessity requirement (doc. 445, at 3-5).  At a pretrial hearing, the court denied that motion (doc. 609).

Thus, Ms. Temple's contention that her attorney failed to challenge wiretap evidence is without merit and provides no basis for § 2255 relief.

C.   *Ground 3 - Sentencing Enhancements*

Ms. Temple contends that her attorney was ineffective for failing to challenge a firearm and obstruction of justice enhancement at sentencing.   Again, the record contradicts Ms. Temple's contention.  Ms. Temple's attorney filed objections to both the firearm enhancement and the obstruction of justice enhancement (doc. 997, at 51-54). At the sentencing hearing, the court overruled both objections (doc. 1098, at 37-40).

Thus, Ms. Temple's contention that her attorney failed to challenge the firearm and obstruction of justice enhancement is without merit and provides no basis for § 2255 relief.

3.   **Procedurally-Defaulted Claims**

Absent an intervening change in law, issues disposed of on direct appeal generally will not be considered in a § 2255 collateral attack.  *United States v. Warner*, 23 F.3d

287, 291 (10th Cir. 1994).  Here, Ms. Temple raises five issues that were previously addressed on direct appeal: (1) the government failed to meet the necessity requirement in its wiretap application; (2) the evidence presented at trial was insufficient to support a conviction; (3) the jury was improperly given an aiding and abetting jury instruction; (4) the firearm and obstruction of justice sentencing enhancements were not proven by the preponderance of evidence; and (5) the court lacked venue because all allegations against Ms. Temple took place in Missouri.[1]

The Tenth Circuit considered and rejected each of these arguments, issuing its mandate on June 15, 2011 (doc. 1341).  Ms. Temple does not cite any new law that would justify another examination of the merits of these arguments.  In fact, she provides no support for the claims.  As such, the court will not revisit the claims here.

**4.      Evidentiary Hearing**

Because Ms. Temple's arguments are contradicted by the record or inherently incredible, her request for an evidentiary hearing is denied.  *See Arredondo*, 178 F.3d at 782.

**5.      Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when

---

[1] Ms. Temple includes the first four arguments as part of ineffective assistance of counsel claims.  The court will not revisit the merits of these arguments even though they are now couched as part of ineffective assistance of counsel claims.  *See United States v. Davis*, 406 Fed. App'x 268, 271 (10th Cir. 2010).

7

it enters a final order adverse to the applicant.  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]  To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  For the reasons stated above, Ms. Temple has not made a substantial showing of the denial of a constitutional right. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (doc. 1372) is denied.

**IT IS SO ORDERED** this 16th day of December, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).