# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　Case No. 07-20168-20-JWL

**Latysha D. Temple,**

    **Defendant.**

## MEMORANDUM & ORDER

In 2009, a jury convicted defendant Latysha D. Temple of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of cocaine. The court sentenced her to 151 months' imprisonment based in part on sentence enhancements for possession of a firearm and obstruction of justice. On appeal, the Tenth Circuit affirmed Ms. Temple's conviction and sentence. Thereafter, Ms. Temple filed a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255. In December 2011, the court denied that motion and concluded that Ms. Temple was not entitled to a certificate of appealability. The Tenth Circuit denied Ms. Temple's subsequent request for a certificate of appealability. In January 2012, Ms. Temple filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2). The court dismissed the motion for lack of jurisdiction on the grounds that Ms. Temple was ineligible for relief.

This matter is now before the court on Ms. Temple's motion to amend, correct and reduce her sentence. In that motion, Ms. Temple contends that she is entitled to a reduction in

her sentence based on six grounds—unauthorized wiretaps, improper venue, due process violations, a change in the sentencing guidelines, insufficient evidence at trial and cruel and unusual punishment. Ms. Temple has directed the court to no authority—statutory or otherwise—that would permit a modification of her sentence. With the exception of her arguments concerning changes to the sentencing guidelines (which the court addresses below), the issues raised in her motion assert or reassert a federal basis for relief from the underlying conviction or constitutional challenges to her sentence such that the court must treat the motion as a successive § 2255 motion. *See Robinson v. United States*, 2013 WL 5185119, at *3 (10th Cir. Sept. 17, 2013) (regardless of label, motion must be treated as a successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"); *United States v. Wilson*, 497 Fed. Appx. 850, 851 (10th Cir. 2012) (argument that court's sentence violates Eighth Amendment is properly the subject of a § 2255 motion and is not cognizable under § 3582(c)).

Because the motion constitutes a second or successive motion under § 2255, Ms. Temple must obtain authorization from the Tenth Circuit prior to filing it. *See* 28 U.S.C. § 2255(h). She has not shown that she obtained such authorization and, thus, this court lacks jurisdiction to consider the motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). Thus, the court must either dismiss these claims for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

The court declines to transfer Ms. Temple's motion to the Circuit as it is not in the interest of justice to do so because it is unlikely that Ms. Temple's claims have merit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Specifically, she has not shown that her claims satisfy the requirements of § 2255(h). She has not directed the court to any newly discovered evidence or a new rule of constitutional law that would bear on her conviction. Moreover, the Tenth Circuit on direct appeal has already rejected many of the claims asserted by Ms. Temple in her motion, including the alleged illegality of the wiretaps, the alleged insufficiency of the evidence, and Ms. Temple's argument that the government failed to establish that venue was proper in the District of Kansas. Her claims concerning purported due process and Eighth Amendment violations are not based on new evidence or new rules of constitutional law. Thus, to the extent Ms. Temple's motion is properly construed as a successive § 2255 petition, the motion is dismissed for lack of jurisdiction, the court declines to transfer the motion to the Tenth Circuit; and declines to issue a certificate of appealability as no reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.

Ms. Temple also contends in her motion that she is entitled to a reduced sentence based on amendments to the sentencing guidelines concerning crack cocaine offenses. But the court lacks jurisdiction to reduce Ms. Temple's sentence under § 3582(c) because, as explained by the court in its previous order dismissing Ms. Temple's motion under § 3582(c) which was based on identical arguments, Ms. Temple was sentenced based on a quantity of cocaine hydrochloride and not cocaine base or "crack" cocaine. The "crack" cocaine amendments, then, have no effect on Ms. Temple's sentence. Because Ms. Temple has identified no other circumstances that

would authorize the court to modify her sentence under 3582(2), she has not shown that she is eligible for relief under § 3582(c). The motion, then, is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Temple's motion to amend, correct and reduce her sentence (doc. 1640) is dismissed for lack of jurisdiction. With respect to that portion of the motion that is construed as a successive § 2255 petition, the court declines to transfer the action to the Tenth Circuit and declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 24th day of March, 2014, at Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge