# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                         Case No. 07-20168-20-JWL

**Latysha D. Temple,**

    **Defendant.**

## MEMORANDUM & ORDER

In 2009, a jury convicted defendant Latysha D. Temple of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of cocaine. At sentencing, the court calculated Ms. Temple's base offense level as 31 based on quantities of cocaine hydrochloride rather than "crack" cocaine. The base offense level of 31, along with a 2-level enhancement for possession of firearms; a 2-level reduction for minor role in the offense; and a 2-level enhancement for obstruction of justice, yielded a total offense level of 33. With a criminal history category of II, the advisory guideline range was 151 months to 188 months imprisonment. The court sentenced Ms. Temple at the low-end of the range, or 151 months imprisonment.[1]

On appeal, the Tenth Circuit affirmed Ms. Temple's conviction and sentence. Thereafter, Ms. Temple filed a motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255.

---

[1] Recently, Ms. Temple received a reduction in her sentence (to 121 months) based on Amendment 782.

In December 2011, the court denied that motion and the Tenth Circuit denied Ms. Temple's subsequent request for a certificate of appealability. In January 2012, Ms. Temple filed a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 and the resulting changes in the penalties for "crack" cocaine offenses. The court dismissed the motion for lack of jurisdiction on the grounds that Ms. Temple was ineligible for relief because, despite the jury's conviction of Ms. Temple for crack cocaine offense, the court sentenced Ms. Temple based on a quantity of cocaine hydrochloride, not crack cocaine. In December 2013, Ms. Temple filed a "motion to amend, correct and reduce" her sentence in which she, among other arguments, again argued that she was entitled to a sentence reduction based on amendments to the sentencing guidelines concerning crack cocaine offenses. The court again rejected that argument on the grounds that the crack cocaine amendments had no effect on Ms. Temple's sentence, which was not based on quantities of crack cocaine.

This matter is now before the court on Ms. Temple's motion to reduce sentence in which she again seeks a reduction based on the "crack" amendments. As previously explained, the court lacks the authority to reduce Ms. Temple's sentence on this basis. Ms. Temple also contends in her motion that she is entitled to a reduced sentence in light of *Pepper v. United States*, 562 U.S. 476 (2011). Specifically, Ms. Temple asks the court to consider her "post-sentencing rehabilitation" and to reduce her sentence accordingly. This request is denied. *Pepper* held that when a defendant's sentence has been set aside on appeal, a court at resentencing may consider evidence of postsentencing rehabilitation. *Pepper* does not suggest that a court can simply "resentence a defendant in the absence of an appellate decision

invalidating the original sentence." *United States v. Jones*, 2013 WL 2364187, at * 2 (10th Cir. May 31, 2013).

Because Ms. Temple has identified no circumstances that would authorize the court to modify her sentence under § 3582(c), she has not shown that she is eligible for relief under § 3582(c). The motion, then, is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Temple's motion to reduce her sentence (doc. 1702) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 7th day of July, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge