IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                      Case No. 07-20168-20-JWL

**Latysha D. Temple,**

       **Defendant.**

## MEMORANDUM & ORDER

In 2009, a jury convicted defendant Latysha D. Temple of conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of cocaine. The court sentenced Ms. Temple to a 151-month term of imprisonment and a five-year term of supervised release. Ms. Temple's sentence was later reduced to 121 months based on Amendment 782. Ms. Temple began her term of supervision in July 2017. This matter is now before the court on Ms. Temple's pro se motion for early termination of her supervision. Both the government and the probation office oppose the motion. As will be explained, the motion is denied without prejudice to filing another motion if additional circumstances warrant a re-examination of the issue.

A district court has authority to "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release," so long as it considers the factors in § 3553(a) and the release is in the "interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Begay*, 631 F.3d 1168, 1171–72 (10th Cir. 2011). In support of her

motion, Ms. Temple asserts that she never received any disciplinary infractions during her term of imprisonment; that she maintains stable employment and has done so for the duration of her supervision; and that she is actively engaged in her community, including volunteering with a community outreach organization and with a re-entry program for convicted felons.

The government opposes the motion primarily because Ms. Temple, during her supervision, maintained unauthorized contact with her co-defendant Monterial Wesley and continues to have unauthorized contact with various inmates by phone, email and mail. The probation office has confirmed the government's representation and has advised the court that Ms. Temple previously maintained contact with Mr. Wesley and continues to remain in contact with convicted felons in BOP custody without obtaining prior approval from the probation office. According to the probation office, Ms. Temple has maintained correspondence via email and telephone and has also sent money to various inmates.

It is significant to the court that the probation office opposes the termination of Ms. Temple's supervision because that office is the most familiar with Ms. Temple's circumstances and conduct since her release and is in the best position to assess the need for continuing supervision. Thus, the court is not persuaded that Ms. Temple's circumstances warrant early termination of her supervision. The court believes that Ms. Temple will benefit from continued supervision and that early termination is not warranted in light of her continued violations of her conditions of supervised release. Ms. Temple may file another motion in the future if additional circumstances warrant a re-examination of the issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Temple's motion for early termination of supervised release (doc. 1884) is **denied.**

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2019, at Kansas City, Kansas.

                                                    s/ John W. Lungstrum
                                                    John W. Lungstrum
                                                    United States District Judge